UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80136-CIV-MARRA/BRANNON

ADVANTA IRA ADMINISTRATION, LLC
FBO GEORGE FANINAS IRA
GA-10398, a Georgia Corporation,

Plaintiff,

vs.

ESTATE OF PEDRO F. GOMEZ, et al,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff/Judgment Creditor's Motion for a Court Order Compelling Defendant/Judgment Debtor to Pay Cell Tower Lease Payments to Plaintiff or, Alternatively, to Deposit these Payments into Court Registry.  (DE 123.)  On September 27, 2012, the Court held a hearing on the motion.  (DE 164.)  The Court requested the parties brief whether the proceedings supplementary can go forward without the joinder of the Pedro F. Gomez Trust and the Pedro F. Gomez Family Trust and whether this proceeding should be stayed pending the state court's ruling.  The Court has considered both supplemental responses (DE 166 and 172.)

According to Plaintiff, Pedro F. Gomez guaranteed three promissory notes which became due in 2009.  He died on February 2, 2009.  Prior to his death, he and his wife, Joan Gomez, purchased property and entered into a lease agreement with cell phone carriers for cellular telephone towers. After Pedro F. Gomez's death, his wife, in her capacity as power of attorney for her husband, executed a revocable "declaration of trust for Pedro F. Gomez Trust," and she

was named as trustee.  In her capacity as her late husband's power of attorney, she transferred the lease property into the "Pedro F. Gomez Trust."  Subsequently, she transferred the lease property to the "Pedro F. Gomez Family Trust." The lease payments have been deposited into the bank account for the Gomez Trust, not the Gomez Family Trust.

Plaintiff claims that, pursuant to Florida Statutes § 733.707(3), a trust may be liable for the obligations of the decedent's estate if the decedent's estate has insufficient funds to pay the obligations.  Furthermore, pursuant to Florida Statues § 56.29(5),  a court may order any property of the judgment debtor in hands of any person or due to the judgment debtor to be applied to the satisfaction of the judgment debt.  Consequently, according to Plaintiff, the Trusts should be joined as necessary parties.  Moreover, Plaintiff argues that the Court should not stay these proceedings based on the Estate filing a complaint in state court eight months after the Court entered final judgment against the Estate. Plaintiff points out that the parties have already engaged in discovery in aid of execution of the Court's judgment and this Court should make the determination of whether the two Trusts should pay the debts of the insolvent Estate.

In response, Defendant states that Plaintiff should have impleaded the Trusts, but instead has chosen to pursue a counterclaim against Joan Gomez as personal representative and trustee of the Pedro F. Gomez Trust in state court.  According to Defendant, the relief that could be afforded to Plaintiff in state court is more expansive since all the assets of the Trust may be subject to the claim, not just the rents from the cell tower leases.  Defendant also claims she would be prejudiced if she had to defend in two different fora.

Both parties discuss whether this Court should abstain from its exercise of federal jurisdiction. See Colorado River Water Conservation District v. United States, 424 U.S. 800

(1976). In making this determination, the Court begins by observing, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Id. at 813. In determining whether to abstain, a court must examine the following six factors: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. Ambrosia Coal and Const. Co. v. Pages Morales, 368 F.3d 1320, 1331 (11th Cir. 2004). "No one factor is necessarily determinative" and the inquiry must be "heavily weighted in favor of the exercise of jurisdiction." Id. at 1332.

      The first factor does not apply. The instant case is not a proceeding *in rem* and neither of the parties have indicated that the state case is proceeding *in rem*. Id. at 1332. The second factor is neutral because this Court is as convenient to the parties, evidence and witnesses as the Fifteenth Circuit Court in and of Palm Beach County, Florida. Id. The third factor is also neutral because "there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority [of] federal cases with concurrent state counterparts." Id. at 1333. In applying the fourth factor, the Court does not examine "which complaint was filed first, but . . . how much progress has been made in the two actions." Id. Here, a judgment has already been entered in the federal case and, based on the exhibit filed by Defendant (DE 172-1), the state case has not proceeded past the pleading stages. Thus, this factor does not favor abstention. Although the Court will be applying state law, the Court does not find that this factor favors

abstention. Indeed, this case does not involve "complex questions of state law that a state court might be best suited to resolve." Id. at 1334. The sixth factor is neutral because there has been no suggestion that this Court would be unable to protect the rights of all parties. Id. ("This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."). Hence, these factors do not weigh strongly in favor of abstention.

Significantly, Defendant does not make the argument against impleading the two trusts. Instead, Defendant merely states that because the trusts have not been impleaded, they cannot satisfy the judgment. The Court sees no reason not to allow Plaintiff to implead these parties. Because Plaintiff's motion (DE 123) was brought against Defendant, and not the Trusts, and the Trusts must be impleaded before Plaintiff can receive any relief, the Court will deny the motion without prejudice and allow Plaintiff to move for relief once the Trusts have been impleaded.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff/Judgment Creditor's Motion for a Court Order Compelling Defendant/Judgment Debtor to Pay Cell Tower Lease Payments to Plaintiff or, Alternatively, to Deposit these Payments into Court Registry. (DE 123) is **DENIED WITHOUT PREJUDICE**. Plaintiff must implead the trusts in question before it can obtain the relief it seeks.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge